## LINDSEY v. STATE. (6 Div. 239.)

(Court of Appeals of Alabama. July 14, 1923.)

Criminal law ⬦⟹759(1)—Inferences are for the jury to draw.

The inferences to be drawn from the evidence when it is susceptible of more than one rational conclusion present questions for the jury, and, while the trial court may announce presumptions of law to the jury, it may not, make out defendant's guilt by drawing an inference of fact; it being the jury's province to draw such inference.

⬦⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Sam Lindsey was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Pinkney Scott, of Bessemer, for appellant.

It was error to give the affirmative charge for the state. Hammons v. State, 18 Ala. App. 470, 92 South. 914; Fillmore v. State, 18 Ala. App. 334, 92 South. 94.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No exception being taken to the portion of the oral charge to the effect that the jury must convict defendant if they believe the evidence, nothing is presented for review. Ex parte State, 204 Ala. 389, 85 South. 785.

FOSTER, J. The defendant, appellant, was indicted jointly with his two sons for manufacturing prohibited liquors and for having in his possession a still. The trial judge gave the affirmative charge for the state as to Sam Lindsey and the affirmative charge for the defendant as to the other defendants.

The evidence was circumstantial. The still was found a short distance from appellant's house, where he and his two sons, jointly indicted with him, lived, but the evidence fails to show that it was on his land or on land under his control. Evidence as to the road leading from defendant's house to the still and other circumstances against the defendant may be regarded as very strong, but the inferences to be drawn from the evidence when it is susceptible to more than one rational conclusion present questions for the jury. The trial court in a criminal case may announce presumptions of law to the jury, but it may not make out the guilt of the defendant by drawing an inference of fact; it is the exclusive province of the jury to draw such inference. Pearce v. State, 4 Ala. App. 32, 58 South. 996; 4 Michie's Ala. Dig. p. 330, par. 499.

The trial judge erred in giving the affirmative charge for the state, and for this error the judgment of conviction must be reversed, and the cause remanded.

Reversed and remanded.